UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 21-8728-MWF (Ex)   JS-6          **Date:  January 25, 2022**
**Title:**   Nicole Swain v. Enterprise Bank & Trust and First Choice Bank

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):**          ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED
COMPLAINT AND TO REMAND CASE [13]

        Before the Court is Plaintiff Nicole Swain's Motion for Leave to File Amended Complaint and Remand Case (the "Motion"), filed on December 17, 2021.  (Docket No. 13).  Defendants Enterprise Bank & Trust ("Enterprise") filed an Opposition on January 3, 2022.  (Docket No. 15).  Swain filed a Reply on January 10, 2022.  (Docket No. 18).

        The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on **January 24, 2022** pursuant to General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

        For the reasons discussed below, the Motion is **GRANTED** and the action is **REMANDED**.  Plaintiff has shown that amendment to join additional defendants is proper, and diversity jurisdiction will be destroyed upon joinder of the proposed individual defendants, requiring remand.

## I.      BACKGROUND

        Plaintiff initiated her suit on October 5, 2021.  (*See* Docket No. 1-1 ("Complaint")).  Plaintiff's suit stems from a merger between Enterprise and First Choice Bank, wherein Enterprise's parent acquired First Choice Bank.  (*See id.* ¶¶ 14–16).  In her Complaint, Plaintiff alleges that she is a former employee of Defendants, where she worked from November 2013 until September 2, 2021 and provided exceptional success on behalf of Defendants in business growth and expansion as well

---

**CIVIL MINUTES—GENERAL**                                    **1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 21-8728-MWF (Ex)                    Date:  January 25, 2022

Title:       Nicole Swain v. Enterprise Bank & Trust and First Choice Bank

as the Paycheck Protection Program in light of the COVID-19 pandemic.  (*See id*. ¶¶ 17–20).

Plaintiff alleges that after her significant efforts were expended in the rollout of the Paycheck Protection Program, Defendants initially planned to offer her an increased payment structure, but later refused to do so, causing Plaintiff to consider resigning, risking substantial harm to Defendants and resulting in Defendants offering Plaintiff a company car and formal employment agreement.  (*See id*. ¶¶ 21–23).  Plaintiff subsequently was named the "Executive Vice President and Chief Banking Officer," and her contract included job duties and responsibilities, a salary, equity compensation, and grounds and conditions for either party to terminate the employment relationship.  (*See id*. ¶ 24–28).

According to the Complaint, Plaintiff is a 47-year-old Caucasian woman who also underwent a brain surgery in December of 2017, resulting in some physical and mental health impacts.  (*See id*. ¶¶ 29–30).  Plaintiff alleges that she was discriminated against due to her age, race, gender, and disability, namely in that as the only Caucasian woman who was an executive, she was systematically discounted and undervalued as the merger between Defendants approached – for example, being excluded from client meetings, being met only by a subordinate employee rather than similarly-ranked executives, being refused comparable severance packages after separation, and being offered a new role post-merger that was vastly inferior to her prior position in title, benefits, and compensation.  (*See id*. ¶¶ 31–47).

Plaintiff alleges that Defendants systematically pushed out prior executives over the age of 40 and that other executives were either permitted to resign for "Good Reason" pursuant to their employment agreements or offered comparable compensation, whereas she was not permitted to resign for "Good Reason."  (*See id*. ¶¶ 49–56).  Plaintiff further alleges that, although she requested leave due to the stress of the inferior offers post-merger, Defendants refused, thereby retaliating against her and failing to reasonably accommodate her disability status.  (*See id*. ¶¶ 58–61).

Plaintiff resigned on September 2, 2021.  (*See id*. ¶ 64).  She alleges the resignation was forced by Defendants' treatment of her in an attempt to avoid having to pay her benefits under her employment agreement.  (*See id*.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 21-8728-MWF (Ex)**          **Date:  January 25, 2022**

Title:      Nicole Swain v. Enterprise Bank & Trust and First Choice Bank

Plaintiff notes she has exhausted her administrative remedies before the Department of Fair Employment and Housing.  (*See id*. ¶ 66).

Plaintiff brought causes of action in state court for race discrimination, gender discrimination, age discrimination, disability discrimination, failure to prevent discrimination, failure to engage in good faith interactive process, failure to accommodate, retaliation, constructive wrongful termination, breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress ("IIED"), negligence, failure to pay wages, waiting time penalties and unfair business practices.  (*See id*. ¶¶ 67–237).

The Complaint seeks compensatory, consequential, general, special, actual, and punitive damages, back pay, benefits, penalties, restitution, disgorgement, and attorney's fees and costs.  (*See id*. at 44–50).

Defendant removed the action to federal court on November 4, 2021 pursuant to diversity jurisdiction.  (*See* Docket No. 1 ("NoR")).

## II.    <u>LEGAL STANDARD</u>

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of right.  Fed. R. Civ. P. 15(a)(1).  In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  *Id.* 15(a)(2).

Rule 15(a)(2)'s rule requiring leave of court also governs amendment of pleadings in actions removed from state court.  *See Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002) ("When a state court action is removed to federal court, the removed action is treated as if the original action has been commenced in federal court."); *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) ("The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court.").  Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 21-8728-MWF (Ex)        **Date:** January 25, 2022

Title:      Nicole Swain v. Enterprise Bank & Trust and First Choice Bank

Congress has explicitly contemplated the possibility of post-removal gamesmanship and has permitted courts to deny "joinder of additional defendants" if such joinder "would destroy subject matter jurisdiction." 28 U.S.C. § 1447(e). The Ninth Circuit has similarly directed the district courts to "look with particular care at [a potential improper] motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980).

Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants under 28 U.S.C. § 1447: (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-CV-1140-ODW-AGR, 2015 WL 3889289, at *3 (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

Any of the *Palestini* factors may be decisive, and no one is strictly required for joinder. *See Meggs v. NBCUniversal Media, LLC*, 2:17-cv-03769-ODW (RAOx), 2017 WL 2974916, at *3 (C.D. Cal. July 12, 2017) (citation omitted).

## III.   **DISCUSSION**

Plaintiff's proposed First Amended Complaint would defeat complete diversity of the parties as proposed individual defendants Peter Hui, Pravin Pranav, and Phillip Thong are alleged to be residents of Los Angeles County, California. (*See* Proposed FAC ("FAC") (Docket No. 13-2) ¶¶ 4–6). The Court must accordingly consider whether joinder is proper under the factors enumerated in *Palestini*, 193 F.R.D. at 658.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.  CV 21-8728-MWF (Ex)                Date:  January 25, 2022**

Title:      Nicole Swain v. Enterprise Bank & Trust and First Choice Bank

**A.      Just Adjudication**

Under Rule 19(a), a party is necessary where the party is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *IBC Aviation Servs., Inc. v. Compañia Mexicana de Aviación, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (internal citations omitted) (modification in original).

Plaintiff argues the individuals she seeks to add are necessary because Hui and Lally are responsible for her first six causes of action as well as her fifteenth and sixteenth, all individual defendants are liable for payment of commissions and waiting time penalties, Hui, Pranav, and Thong controlled her wages, hours, and working conditions, and Pranav and Thong are not employed by Enterprise. *See* Motion at 10–12.

A number of Plaintiff's claims against the potential individual defendants are centered on her allegations that the individual defendants, in varying configurations, were the "principal pe[ople] responsible for the acts underlying [her] claim[s]." *IBC Aviation*, 125 F. Supp. 2d at 1012. The individual defendants could thus be necessary for adjudication of some of Plaintiff's claims. For example, Plaintiff alleges that Hui and Lally's conduct forms the predicate for some of her causes of action because they "engaged in concerted efforts to ostracize Plaintiff and . . . and denied her contractual rights to the Change in Control benefits upon her attempted resignation for good reason." (Motion at 10–11). Plaintiff further asserts she can maintain claims for intentional infliction of emotional distress against the individual defendants as her supervisors. (*See id*. at 11).

**B.      Statute of Limitations**

There is no indication that the statute of limitations would bar any of Plaintiff's proposed claims against the proposed individual defendants, and the parties do not dispute that fact. This factor accordingly weighs in favor of joinder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 21-8728-MWF (Ex)                    Date:  January 25, 2022
Title:       Nicole Swain v. Enterprise Bank & Trust and First Choice Bank

### C.   **Delay**

Plaintiff argues that she provided a draft amended complaint to Defendant on November 17, 2021, and Defendant informed Plaintiff that it would not stipulate to the amended complaint on November 30, 2021.  (*See* Motion at 13).  The Motion was filed December 17, 2021.  There is no indication that Plaintiff delayed unreasonably.  *See IBC Aviation*, 125 F. Supp. 2d at 1012 (two weeks between refusal to stipulate to addition of parties and filing of motion to amend not an unreasonable delay).

### D.   **Federal Jurisdiction**

The parties dispute whether Plaintiff's proposed addition of the individual defendants is indeed purely a ploy to destroy diversity jurisdiction and remand this action.  Defendant points in particular to the fact that Plaintiff already knew the identities of the individual defendants, who are described in the Complaint, and only seeks to add them after removal.  (*See* Opposition at 8–9).

At the hearing, Plaintiff stated that there is a genuine litigation purpose in adding the individual defendants based on witness interviews and other factfinding undertaken by Plaintiff's counsel, including in particular a witness interview of another former employee of Defendant that formed the basis for some of Plaintiff's additional alleged facts and proposed claims.

The individual defendants sought to be added are alleged to be central to some of these proposed claims.  It is not unreasonable for Plaintiff to seek to add these individuals to avoid duplicative and potentially inconsistent litigation.  *See IBC Aviation*, 125 F. Supp. 2d at 1012.  Plaintiff is permitted to review her claims and allegations and revise them based on what she believes may vindicate her putative rights.

### E.   **Validity of Claims**

Defendant challenges the validity of the claims Plaintiff seeks to assert against the individual defendants, arguing the FAC fails to state each proposed claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 21-8728-MWF (Ex)                Date:  January 25, 2022**

Title:      Nicole Swain v. Enterprise Bank & Trust and First Choice Bank

"In considering the fifth factor, 'the [c]ourt need only determine whether the claim seems valid,' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment."  *Meggs*, 2017 WL 2974916, at *8 (internal citations omitted) (modification in original).

The Ninth Circuit has not defined what "valid" means in this context or specified the standard to be used.  However, district courts have used the standard for fraudulent joinder or something similar in deciding the issue.

With respect to fraudulent joinder, "'a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant.'"  *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (quoting *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).  "Rather, '[t]he defendant must also show that there is *no possibility* that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant."  *Id*. (emphasis and modification in original).

In *Negrete v. Meadowbrook Meat Co.*, the court applied this "no possibility" standard when evaluating validity of claims on a motion to amend and remand:

Where defendants fail to show that "there is *no possibility* that [a plaintiff] could state a claim in California state court" against the diversity-destroying defendant, the Ninth Circuit has reversed a denial of remand. *See California Dump Truck Owners Ass'n v. Cummins Engine Co., Inc.*, 24 Fed. App'x 727, 729 (9th Cir.2001) (emphasis added). Because courts must resolve any doubt as to jurisdiction in favor of remand, courts must "resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D.Cal.2002).

EDCV 11-1861 DOC (DTBx), 2012 WL 254039, at *6 (C.D. Cal. Jan. 25, 2012).

Similarly, *Meggs* cites *Negrete* when analyzing proposed claims against a defendant as only needing to meet the "no possibility" standard and also summarizes

---

**CIVIL MINUTES—GENERAL**                                                                    7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.  CV 21-8728-MWF (Ex)** | **Date:  January 25, 2022** |
| Title:      Nicole Swain v. Enterprise Bank & Trust and First Choice Bank | |

other cases such as *Mudra Intl., LLC, v. Kellwood Co., Inc.*, CV 08–03642 DDP (JCx), 2008 WL 11336465, at *7 (C.D. Cal. Sept. 16, 2008), as inquiring whether the claim "appears to have enough merit to proceed."  2017 WL 2974916, at *8.

Accordingly, the Court will apply a similar standard in analyzing Plaintiff's claims against the proposed individual defendants.

As noted at the hearing, Plaintiff alleges that Hu is a citizen of California, based in part on the fact that Hu is believed to own property in Long Beach, California. Defendant proffered a declaration that Hu is a citizen and resident of Nevada, not California as alleged in the proposed FAC.  (*See* Hui Decl. (Docket No. 17) at 2). Assuming *arguendo* that Hui is indeed a citizen of Nevada, the FAC still asserts a claim against Pranav and Thong, both of whom are non-diverse as residents of California, a point not disputed by Defendant.

The only claim asserted against non-diverse individual defendants Pranav and Thong is for wage and hour violations of California Labor Code section 558.1.  As the parties discussed at the hearing and in the briefing, California courts appear split on whether or not there is a private right of action to enforce wage and hour claims. (*Compare* Opposition at 14 (collecting cases holding that California Labor Code section 558.1 does not create a private right of action) *with* Reply at 24–25 (showing a split in California courts as recognized by *Reynolds v. Direct Flow Med., Inc.*, 17-cv-00204-KAW, 2019 WL 1084179, at *7)).  Because California law on the issue is unsettled, it is unnecessary to decide at this point whether Plaintiff's proposed claim under section 558.1 is valid – that is a task properly left to California courts to decide as a matter of state law, and all doubts must be resolved in favor of Plaintiff.  *See Negrete*, 2012 WL 254039, at *6.

Defendant has not shown that Plaintiff could not possibly succeed on any of the claims against a proposed defendant, in particular the non-diverse defendants.  *See Meggs*, 2017 WL 2974916, at *8.  Defendant does not establish that Plaintiff's proposed claims against the individual defendants are unable to be saved by any amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 21-8728-MWF (Ex)                    Date:  January 25, 2022
Title:       Nicole Swain v. Enterprise Bank & Trust and First Choice Bank

### F.       Prejudice to Plaintiff

Should Plaintiff not be allowed to amend, Plaintiff would be required "to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing its potential claims against [individual defendants]."  *IBC Aviation*, 125 F. Supp. 2d at 1013; *see also Meggs*, 2017 WL 2974916, at *9 (judicial economy disfavors pursuit of substantially related claims in federal and state courts simultaneously).

The factors enumerated in *Palestini* accordingly favor amendment.  *See* 193 F.R.D. at 658.

Upon filing of the FAC, there will no longer be complete diversity of citizenship between the parties, as Plaintiff and several individual defendants are citizens of California, thereby divesting the Court of its jurisdiction pursuant to 28 U.S.C. § 1332(a).  The action must therefore be remanded.  *See* 28 U.S.C. § 1447(c), (e).

## IV.   CONCLUSION

For the reasons stated above, the Motion is **GRANTED**.

The action is **REMANDED** and the Clerk of Court is **ORDERED** to return this action to the Superior Court of California for the County of Los Angeles.

IT IS SO ORDERED.